JOURNAL ENTRY AND OPINION
Ganley, Inc. appeals from a judgment of the common pleas court denying its motion to stay proceedings pending arbitration. On appeal, Ganley asserts that the trial court failed to follow the procedures set forth in R.C 2711.02 and .03, which it claims required the court to conduct a hearing before denying its motion. Angela Poling, on the other hand, claims that this statutory scheme does not specifically require a hearing, and she further argues that the court properly rejected the arbitration clause as unconscionable. After carefully reviewing the applicable statutes, we have concluded that R.C. 2711.03 requires a hearing to determine whether there is a legitimate challenge to the validity of an arbitration clause. Accordingly, the trial court erred in denying Ganley's motion to stay without first conducting such a hearing in this case and, therefore, we are constrained to reverse the judgment of the trial court.
The history of the case reveals that, on September 16, 1999, Poling purchased a 1999 Suzuki Gand Vitara from Ganley. The purchase agreement contained the following conspicuous arbitration clause, which Poling separately signed:
 ARBITRATION — ANY DISPUTE BETWEEN YOU AND DEALER (SELLER) WILL BE RESOLVED BY BINDING ARBITRATION. YOU GIVE UP YOUR RIGHT TO GO TO COURT TO ASSERT YOUR RIGHTS IN THIS SALE TRANSACTION (EXCEPT FOR ANY CLAIM IN SMALL CLAIMS COURT). YOUR RIGHTS WILL BE DETERMINED BY A NEUTRAL ARBITRATOR, NOT A JUDGE OR JURY.
 YOU ARE ENTITLED TO A FAIR HEARING, BUT ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.
 ARBITRATOR DECISIONS ARE AS ENFORCEABLE AS ANY COURT ORDER AND ARE SUBJECT TO A VERY LIMITED REVIEW BY A COURT. SEE GENERAL MANAGER FOR INFORMATION REGARDING ARBITRATION PROCESS.
On March 30, 2000, Poling filed a lemon law complaint against both Ganley, as the seller of her vehicle, and American Suzuki Motor Corporation, the manufacturer of the vehicle.
On April 19, 2000, Ganley filed a motion to stay the proceedings pending arbitration. In response, Poling directly challenged the validity of the arbitration clause, requesting that the court find the clause void, unconscionable and unenforceable. On August 16, 2000, the court denied Ganley's motion to stay.
During the pendency of this appeal, American Suzuki and Poling filed a joint motion to dismiss American Suzuki from this action. Ganley now appeals, raising the following assignment of error for our review:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING THE MOTION FOR STAY OF PROCEEDINGS FILED BY THE DEFENDANT-APPELLANT.
Ganley maintains that the trial court failed to follow the procedures set forth in R.C. 2711.02 and .03. In particular, Ganley asserts that R.C. 2711.03 requires the court to conduct a hearing when a party challenges the validity of an arbitration clause. Poling argues that the arbitration clause should not be enforced based on the equitable concept of unconscionability, and she further urges that R.C. 2711.03 does not require the court to conduct a hearing. Thus, the issue presented concerns whether R.C. 2711.03 requires the trial court to conduct a hearing before refusing to enforce an arbitration clause.
R.C. 2711.01 provides that arbitration clauses * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract. R.C. 2711.02 requires a court to stay an action if the issues involved fall under a valid, enforceable arbitration agreement.
The crux of this appeal involves our interpretation of R.C. 2711.03, which at the time of the trial court's order stated:
 * * * The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof. If no jury trial is demanded, the court shall hear and determine such issue. When such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue to a jury called and impaneled in the manner provided in civil actions. If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with such agreement.
(Emphasis added.)
The procedural history of this case is similar to that in Dunn v. L M Building, Inc. (March 25, 1999), Cuyahoga App. No. 75203, unreported, wherein our court stated:
 In the instant case, the appellees have directly challenged the validity of the arbitration clause. In count two of their complaint, appellees asserted fraud in the inducement of the arbitration clause.
 Appellees also asserted, in count three, that the arbitration clause is unconscionable.
 Appellees repeated these assertions in their brief in opposition to appellants' motion, and demanded a jury trial on the issue of the validity of the arbitration clause.
 When the validity of an arbitration provision itself is at issue, a trial court must follow the procedures provided for in R.C. 2711.03:
* * *
 In the instant case, the trial court failed to hold a hearing to determine if there was a legitimate challenge to the validity of the arbitration clause. Therefore, we remand this case to the trial court for the purpose of holding a hearing pursuant to R.C. 2711.03.
 Furthermore, if the court determines that the validity of the arbitration provision is not in issue after hearing the parties, the court should stay the proceedings and compel arbitration. R.C. 2711.03; R.C. 2711.02. On the other hand, if the court determines that the validity of the arbitration provision is in issue, the court should proceed summarily to a jury trial on the sole issue of the validity of the arbitration provision. R.C. 2711.03. Thereafter, the court should either grant appellants' motion to stay proceedings and compel arbitration, or deny the same, depending on the decision of the jury. R.C. 2711.03.
We are persuaded by the analysis in Dunn. We agree that R.C. 2711.03
requires a court to conduct a hearing to determine if there is a legitimate challenge to the validity of the arbitration clause; and if it so finds, the court is required to proceed to a summary trial on the sole issue of the validity of the arbitration provisions; further, a court cannot deny a R.C. 2711.02 motion to stay without following these procedures.
Accordingly, we reverse the judgment of the trial court denying Ganley's motion to stay pending arbitration, and we remand this case to the trial court for further proceedings consistent with R.C. 2711.03 and this opinion.
Judgment reversed and cause remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that appellant recover of appellee its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., AND TIMOTHY E. McMONAGLE, J., CONCUR